UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GENARO PENA, *on behalf of himself and all other persons similarly situated*,

                   Plaintiff,

    v.

SUPER ECONOMIC ONE WAY
SUPERMARKET CORP. and EDUARDO
LEONARDO,

                   Defendants.

---------------------------------------------------------------

**ORDER**
20-CV-3060 (MKB) (PK)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Genaro Pena commenced the above-captioned action against Defendants Super Economic One Way Supermarket Corp. and Eduardo Leonardo on July 9, 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the New York Labor Law, N.Y. Lab. L. § 650, *et seq.* (the "NYLL"). (Compl., Docket Entry No. 1.) Plaintiff alleges that the Defendants violated (1) the NYLL's minimum wage provision, (*id.* ¶¶ 52–56); (2) the FLSA's overtime compensation provisions, (*id.* ¶¶ 57–62); (3) the NYLL's overtime compensation provisions, (*id.* ¶¶ 63–67); (4) the NYLL's spread of hours provisions, (*id.* ¶¶ 68–72); and (5) the New York State Wage Theft Prevention Act, (*id.* ¶¶ 73–78). Defendants failed to appear or otherwise defend this action, and the Clerk of Court entered default against them on October 22, 2020. (Clerk's Entry of Default, Docket Entry No. 9.) On February 8, 2021, Plaintiff moved for a default judgment, (Pl.'s Mot. for Default J., Docket Entry No. 11), and, on February 9, 2021, the Court referred the motion to Magistrate Judge Peggy Kuo for a report and recommendation, (Order Referring Mot. dated Feb. 9, 2021).

By report and recommendation dated September 8, 2021, Judge Kuo recommended that the Court grant Plaintiff's motion for a default judgment and find Defendants jointly and severally liable for $36,958.50 for minimum wage underpayments; $48,279.33 for unpaid overtime; $13,482.00 for spread of hours compensation; $2,500.00 for failure to provide wage notices; $5,000.00 for failure to provide wage statements; $98,719.83 for liquidated damages; $4,922.50 for attorneys' fees; and $575.00 for costs ("R&R").  (R&R 28–29, Docket Entry No. 16.)  In addition, Judge Kuo recommended that the Court grant Plaintiff post-judgment interest at the statutory rate, as well as a fifteen percent increase penalty if damages under the NYLL are not paid within ninety days of judgment or the expiration of time to appeal.  (*Id.* at 29.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial

2

review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R and grants Plaintiff's motion for a default judgment against Defendants. The Court awards a total of $210,437.16 representing: $36,958.50 for minimum wage underpayments; $48,279.33 for unpaid overtime; $13,482.00 for spread of hours compensation; $2,500.00 for failure to provide wage notices; $5,000.00 for failure to provide wage statements; $98,719.83 for liquidated damages; $4,922.50 for attorneys' fees; and $575.00 for costs. (R&R 29.) In addition, the Court grants Plaintiff post-judgment interest at the statutory rate, and a fifteen percent increase penalty if damages under the NYLL are not paid within ninety days of judgment or the expiration of time to appeal. (*Id.*)

Plaintiff is directed to serve copies of this Order on Defendants at their last known addresses and to file proof of service with the Court.  The Clerk of Court is respectfully directed to close this case.

Dated: September 25, 2021
      Brooklyn, New York

                                      SO ORDERED:

                                      s/ MKB

                                      MARGO K. BRODIE
                                      United States District Judge