```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GENARO PENA,                                                     :
                                                                 :
                              Plaintiff,                         :
                                                                 :
               -against-                                         :    **REPORT AND**
                                                                 :    **RECOMMENDATION**
SUPER ECONOMIC ONE WAY                                           :
SUPERMARKET CORP. and                                            :    20-CV-3060 (MKB)(PK)
EDUARDO LEONARDO,                                                :
                                                                 :
                              Defendants.                        :
                                                                 :
---------------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge:**

Genaro Pena ("Plaintiff") has filed a Motion for Contempt concerning the failure of Super Economic One Way Supermarket Corp. ("Super Economic") and Eduardo Leonardo ("Leonardo") (collectively, "Defendants") to respond to Plaintiff's post-judgment subpoenas dated June 4, 2024. ("Motion," Dkt. 24.) For the reasons set forth below, I certify the following facts to the Honorable Margo K. Brodie pursuant to 28 U.S.C. § 636(e)(6)(B) and respectfully recommend that an order to show cause be issued as to why Defendants should not be found in contempt at a hearing to be held on a date and time to be set by Judge Brodie.

### **PROCEDURE ON A MOTION FOR CIVIL CONTEMPT**

"United States magistrate judges have limited civil contempt authority." *Ferrara v. BD Haulers Inc.*, No. 11-CV-940 (ADS)(ARL), 2018 WL 3625347, at *3 (E.D.N.Y. Apr. 30, 2018), *R&R adopted*, 2018 WL 4087914 (E.D.N.Y. Aug. 27, 2018). Magistrate judges may issue orders of contempt for misbehavior in the judge's presence and may exercise criminal and civil contempt authority in misdemeanor cases and in civil cases in which the parties have consented to magistrate judge jurisdiction. 28 U.S.C. § 636(e)(2)-(4). In all other instances, the magistrate judge:

shall forthwith certify the facts to a district judge and may serve or cause to be served,

1

upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). In certifying the facts, "the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (internal quotations omitted).

I certify the following facts to the Court pursuant to 28 U.S.C. § 636(e)(6)(B)(iii).

## CERTIFIED FACTS

**I.   Defendants' Failure to Appear in this Action**

1. Plaintiff commenced this action against Defendants on July 9, 2020. (Compl., Dkt. 1.)

2. Super Economic was served on July 21, 2020, via the New York Secretary of State. (Aff. of Service, Dkt. 6.) Leonardo, who "is an owner or part owner and principal of Super Economic," was personally served on July 29, 2020, at 104-21 Glenwood Road, Brooklyn, NY 11236, the address listed in the Complaint. (Compl. ¶¶ 5, 9; Aff. of Service, Dkt. 7.)

3. After Defendants failed to appear, a Certificate of Default was entered against them, and Plaintiff filed a motion for default judgment on February 8, 2021. (Dkt. 11.)

4. On September 25, 2021, the Court granted Plaintiff's motion and awarded him $210,437.16, for which Defendants are jointly and severally liable. ("September 25 Order," Dkt. 18.) Judgment was entered on September 27, 2021. (Dkt. 19.)

5. On October 8, 2021, Plaintiff mailed a copy of the September 25 Order to Leonardo and Super Economic at their last known addresses at 50 Elton Street, Apt. 1, Brooklyn, NY 11208, and 104-21 Glenwood Rd. Brooklyn, NY 11236, respectively, via first class mail. (Certificate of Service, Dkt. 20.)

## II. Defendants' Failure to Respond to Subpoenas

6. On June 5, 2024, Plaintiff served an information subpoena on each Defendant ("Super Economic Information Subpoena," Dkt. 21-3; "Leonardo Information Subpoena," Dkt. 21-4) (collectively, "Information Subpoenas") and a subpoena duces tecum on both Defendants ("Subpoena Duces Tecum," Dkt. 21-5) (collectively, the "Subpoenas") pursuant to Fed. R. Civ. P. 69(a)(2) and N.Y. C.P.L.R. 5224(a).

7. The Information Subpoenas informed Defendants of the Judgment entered against them and directed them to respond to several questions regarding Super Economic's business information, Leonardo's personal information, and Defendants' income and assets. The Information Subpoenas stated that Defendants were required "to answer within seven (7) days from the day you receive this subpoena," and warned that Plaintiff "may ask the court to conduct a hearing to determine if [Defendants] should be held in contempt" if they fail to respond within the deadline. (Super Economic Information Subpoena at 1; Leonardo Information Subpoena at 1.)

8. The Subpoena Duces Tecum required Defendants to appear for a deposition under oath "on all matters relevant to the satisfaction of [the] Judgment" on June 18, 2024, at 10 a.m. via video conference. (Subpoena Duces Tecum at 1-2.) It further commanded Defendants to produce documents regarding their income and assets, including bank records, certificates of ownership, and corporate books and records. (*Id.* at 2.) The Subpoena Duces Tecum warned that "failure to comply with this Subpoena is punishable as contempt of Court." (*Id.*)

9. Defendants failed to respond to the Subpoenas. (Affidavit of Michael Samuel ("Samuel Aff.") ¶ 3, Dkt. 21-1.)

## III. Defendants' Failure to Comply with Court Orders

3

10. On July 1, 2024, Plaintiff filed a motion to compel Defendants to respond to the Subpoenas. (Dkt. 21.)

11. On July 2, 2024, the Court granted the motion and directed Defendants, pursuant to Fed. R. Civ. P. 69(a)(2) and N.Y. C.P.L.R. § 2308(b)(1), to "respond to Plaintiff's . . . information subpoenas and Plaintiff's . . . subpoena *duces tecum* by no later than July 10, 2024." ("July 2 Order.")

12. On July 3, 2024, Plaintiff mailed a copy of the July 2 Order to Defendants at 104-21 Glenwood Rd., Brooklyn, NY 11236 via first class mail. (Certificate of Service, Dkt. 23.)

13. Defendants did not comply with the July 2 Order. They did not contact Plaintiff or offer any explanation for their non-compliance. (Motion at 2.)

14. On October 28, 2024, Plaintiff filed the Motion.

15. On November 4, 2024, the Court ordered Defendants to show cause in writing no later than November 18, 2024, "why the Court should not hold them in contempt for failure to comply with the Subpoenas *duces tecum* [sic] and the Court's July 2, 2024 Order." (November 4, 2024 Order to Show Cause ("November 4 Order").) The Court also scheduled a Show Cause Hearing for November 21, 2024, at 11:30 a.m. and directed Plaintiff to send a copy of the November 4 Order to Defendants. (*Id.*) Plaintiff mailed a copy of the November 4 Order to Defendants at 104-21 Glenwood Rd., Brooklyn, NY 11236 via first class mail. (Certificate of Service, Dkt. 25.)

16. On November 21, 2024, the Court held a Show Cause Hearing by telephone. Defendants did not appear. Plaintiff requested that Defendants be held in contempt of court for their failure to respond to the Subpoenas and comply with the July 2 Order. The Court entered an order warning Defendants of the potential consequences of contempt, including that "the Court could impose monetary sanctions on Defendants until they comply with the subpoenas by

4

producing the requested documents and information," and that "the Court could order that [Leonardo] be arrested and held in custody until he complies with the subpoenas." ("November 21 Order.") The Court further stated that it will certify facts to Judge Brodie in support of a potential contempt finding pursuant to 28 U.S.C. § 636(e)(6)(B). (*Id.*) The Court directed Plaintiff to send a copy of the November 21 Order to Super Economic's business address and Leonardo's last known residential address. (*Id.*)

17. On November 25, 2024, Plaintiff's counsel mailed a copy of the November 21 Order to Defendants at 104-21 Glenwood Rd., Brooklyn, NY 11236, which is the business address listed in the Complaint for Super Economic, via first class mail. (Certificate of Service, Dkt. 26.)

18. On August 4, 2025, the Court ordered Plaintiff to explain why he did not send a copy of the November 21 Order to Leonardo at his last known residential address, as directed, and instead sent it to the business address for Super Economic. On August 5, 2025, Plaintiff filed a letter explaining that Leonardo's "then-current residential address" could not be located, and that "service upon Defendant Leonardo was effectuated at the place of business of El Patron Minimarket Corp., where he is a registered owner." (Dkt. 27.) Plaintiff further stated in the letter that he was able to identify what is believed to be Leonardo's current residential address, and requested leave to serve him with the Subpoenas, together with copies of this Court's orders that have been entered in connection with the Subpoenas, at that address. (*Id.*)

19. On August 6, 2025, the Court granted Plaintiff's request and directed him to file proof of service by August 8, 2025. ("August 6 Order.") In addition, the Court directed Leonardo to respond to the Subpoenas by August 21, 2025, warning that "[f]ailure to respond will likely result in sanctions, including being found in contempt of Court." (*Id.*)

5

20. On August 7, 2025, Plaintiff mailed copies of the Subpoenas, July 2 Order, November 4 Order, November 21 Order, and August 6 Order to Leonardo at 2963 Marbella Dr., Kissimmee, FL 34744, his last known residential address. (Certificate of Service, Dkt. 28.)

21. On August 25, 2025, Plaintiff filed a letter stating that Leonardo did not respond to the Subpoenas by the August 21, 2025 deadline. (Dkt. 29.)

## DISCUSSION

A court may hold a party in contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). The violation need not be willful. *Id.*

The July 2 Order ordered Defendants to respond to the Subpoenas. The November 4 Order ordered Defendants to file a written response explaining why the Court should not hold them in contempt for failure to respond to the Subpoenas in compliance of the July 2 Order. The August 6 Order again directed Leonardo to respond to the Subpoenas and warned that "[f]ailure to respond will likely result in sanctions, including being found in contempt of Court." These orders were clear and unambiguous.

The Subpoenas, to which the orders directed Defendants to respond, were similarly clear and unambiguous. The Information Subpoenas required Defendants to respond to specific questions regarding their personal, corporate, and financial information within seven days of receiving them. The Subpoena Duces Tecum required Defendants to appear for a deposition on a particular date and time and produce specific financial documents.

Proof of Defendants' non-compliance is clear and convincing. They did not respond to the Subpoenas or comply with this Court's orders directing them to do so. They did not move to quash

the Subpoenas. They did not contact Plaintiff's counsel or the Court to seek clarification or request an extension of time to comply. The record does not show any attempt by Defendants to respond to the Subpoenas or comply with the Court's orders. Given Defendants' continued failure to appear in this action and their non-compliance over the course of fourteen months, there is no indication that Defendants will ever comply with this Court's orders.

Courts have held parties in contempt and imposed sanctions where, as here, they fail to respond to post-judgment subpoenas and comply with related court orders. *See, e.g.*, *Avalon Holdings Corp. v. Gentile*, No. 18-CV-7291 (DLC), 2024 WL 4252058, at *2 (S.D.N.Y. Sept. 20, 2024); *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 120 (E.D.N.Y. 2008); *Soundkillers LLC v. Young Money Ent., LLC*, No. 14-CV-7980 (KBF), 2016 WL 4926198, at *1 (S.D.N.Y. Sept. 15, 2016).

Accordingly, I respectfully recommend that the Court issue an order to show cause as to why Defendants should not be found in contempt at a date and time to be set by Judge Brodie. In the event the Court finds Defendants to be in contempt, I respectfully recommend imposition of sanctions to secure Defendants' compliance, including daily fines.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
September 5, 2025

7