UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

GENARA PENA,

                          Plaintiff,                                 **ORDER**
                                                                             20-CV-3060 (MKB) (PK)

               v.

SUPER ECONOMIC ONE WAY SUPERMARKET
CORP. and EDUARDO LEONARDO,

                          Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Genaro Pena commenced the above-captioned action against Defendants Super Economic One Way Supermarket Corp. and Eduardo Leonardo on July 9, 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Law, N.Y. Lab. L. § 650 *et seq.* (the "NYLL"). (Compl., Docket Entry No. 1.) Plaintiff alleges that the Defendants violated (1) the NYLL's minimum wage provision, (*id.* ¶¶ 52–56); (2) the FLSA's overtime compensation provisions, (*id.* ¶¶ 57–62); (3) the NYLL's overtime compensation provisions, (*id.* ¶¶ 63–67); (4) the NYLL's spread of hours provisions, (*id.* ¶¶ 68–72); and (5) the New York State Wage Theft Prevention Act, (*id.* ¶¶ 73–78). Defendants failed to appear or otherwise defend the action, and the Clerk of Court entered default against them on October 22, 2020. (Clerk's Entry of Default, Docket Entry No. 9.) On February 8, 2021, Plaintiff moved for default judgement against Defendants. (Pl.'s Mot. for Default J., Docket Entry No. 11.) On September 25, 2021, the Court granted Plaintiff's motion, (Order Adopting Report & Recommendations, Docket Entry No. 18), and on September 27,

2021, the Court entered judgment awarding Plaintiff $210,437.16 (the "September 2021 Judgment").[1]  (Sept. 2021 J., Docket Entry No. 19.)

Currently before the Court is a sua sponte report and recommendation issued by Magistrate Judge Peggy Kuo on September 5, 2025, recommending that the Court order Defendants to show cause as to why they should not be found in contempt for failure to comply with Plaintiff's subpoenas and prior Court Orders seeking information, documents and depositions from Defendants, in connection with collecting on the default judgment (the "R&R").  (R&R, Docket Entry No. 30.)  For the reasons set forth below, the Court adopts the R&R and orders Defendants to show cause on or before October 10, 2025, as to why they should not be held in contempt of the Court for failing to comply with Plaintiff's subpoena and the prior Court Orders.

### I. Background

Defendants have failed to comply with the September 2021 Judgment, (Mot. to Compel, Docket Entry No. 21), and in June of 2024, Plaintiff issued subpoenas to Defendants seeking information, documents, and requiring Defendants to appear for a deposition under oath.  (R&R 3.)  After Defendants failed to respond, Plaintiff moved to compel Defendants to respond to the subpoenas.  (*Id.* at 4.)  Judge Kuo granted the motion and directed Defendants to respond to the subpoenas by July 10, 2024.[2]  (Order dated July 2, 2024.)  Defendants did not comply with the July 2, 2024 Order.  (R&R 4.)  On October 28, 2024, Plaintiff moved to compel Defendants to be held in contempt for failing to comply with the subpoenas and July 2, 2024 Order.  (Mot. to

---

[1] On October 8, 2021, Plaintiff mailed a copy of the September 25, 2021 Order to Defendants at their last known addresses via first class mail.  (Certificate of Service, Docket Entry No. 20.)

[2] On July 3, 2024, Plaintiff mailed a copy of the July 2, 2024 Order to Defendants via first class mail.  (Certificate of Service, Docket No. 23).

2

Compel, Docket Entry No. 24.) On November 4, 2024, Judge Kuo ordered Defendants to show cause for their lack of response to Plaintiff's subpoena and scheduled a Show Cause Hearing for November 21, 2024.[3] (Order dated Nov. 4, 2024.) Defendants failed to respond to the order to show cause or to attend the hearing. (R&R 4–5.) At the November 21, 2024 hearing, Judge Kuo warned the Defendants of the potential consequences of contempt, including that "the Court could impose monetary sanctions on Defendants until they comply with the subpoenas by producing the requested documents and information," and that "the Court could order that [Leonardo] be arrested and held in custody until he complies with the subpoenas."[4] (Min. Entry and Order dated Nov. 21, 2024.) On August 6, 2025, Judge Kuo again directed Leonardo to respond to the subpoenas and warned him that "[f]ailure to respond will likely result in sanctions, including being found in contempt of Court."[5] (Order dated Aug. 6, 2025.) Leonardo failed to respond. (R&R 5–6.)

By report and recommendation dated September 5, 2025, Judge Kuo recommended that the Court "issue an order to show cause as to why Defendants should not be found in contempt . . . [i]n the event the Court finds Defendants to be in contempt, [Judge Kuo] recommend[ed] [the] imposition of sanctions to secure Defendants' compliance, including daily fines."[6] (R&R 7.)

---

[3] Plaintiff mailed a copy of the November 4, 2024 Order to Defendants via first class mail. (Certificate of Service, Docket No. 25.)

[4] Plaintiff mailed a copy of the November 21, 2024 Order to Defendants via first class mail (Certificate of Service, Docket No. 26.)

[5] On August 7, 2025, Plaintiff mailed copies of the subpoenas, the July 2, 2024 Order, the November 4, 2024 Order, the November 21, 2024 Order and the August 6, 2025 Order to Leonardo at his last known residential address via first class mail. (Certificate of Service, Docket No. 28.)

[6] At Judge Kuo's direction, Plaintiff served Defendants with the R&R via certified mail. (R&R 7). Plaintiff served Leonardo at his last known address and served One Way Supermarket Corp. at its business address. (Certificate of Service, Docket No. 31.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport

and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court adopts the Report & Recommendation and orders Defendants to show cause on or before October 10, 2025, as to why they should not be held in contempt of the Court for failing to comply with Plaintiff's subpoena and prior Court Orders. Plaintiff is directed to send a copy of this order to Defendants and to file proof of service with the Court.

Dated: September 29, 2025
      Brooklyn, New York

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

5