UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GENARO PENA

Plaintiff,

**ORDER**
20-CV-3060 (MKB)

v.

SUPER ECONOMIC ONE WAY SUPERMARKET
CORP. and EDUARDO LEONARDO,

Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Genaro Pena commenced the above-captioned action against Defendants Super Economic One Way Supermarket Corp. and Eduardo Leonardo on July 9, 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New York Labor Law § 650 *et seq.* (the "NYLL"). (Compl., Docket Entry No. 1.) Defendants failed to appear or otherwise defend the action, and on October 22, 2020, the Clerk of Court entered default against them. (Clerk's Entry of Default, Docket Entry No. 9.) On February 8, 2021, Plaintiff moved for default judgement against Defendants. (Pl.'s Mot. for Default J., Docket Entry No. 11.) On February 9, 2021, the Court referred the motion to Magistrate Judge Peggy Kuo, (Order Referring Motion dated Feb. 9, 2021), and on September 8, 2021, Judge Kuo recommended that the Court grant Plaintiff's motion. (Report & Recommendation, Docket Entry No. 16. (the "R&R").) On September 25, 2021, the Court adopted the R&R and granted Plaintiff's motion, (Order Adopting R&R, Docket Entry No. 18), and on September 27, 2021, the Clerk of Court entered judgment and awarded Plaintiff $210,437.16 ("September 2021 Judgment"). (Sep. 2021 J., Docket Entry No. 19.) Defendants failed to respond to subpoenas

and court orders regarding the September 2021 Judgment and on May 14, 2026, the Court imposed a sanction of a $100 daily fine for thirty days on Defendants for their noncompliance. (Min. Entry dated May 14, 2026.)

Currently before the Court is Plaintiff's request that the Court enforce the sanctions issued on May 14, 2026, and "direct Defendants to comply fully with the subpoenas by a date certain and extending the $100 daily sanction beyond the initial thirty-day period until full compliance." (Ltr. dated Aug. 6, 2026, Docket Entry No. 40.) For the reasons discussed below, the Court continues the daily fine of $100 per day for each weekday of noncompliance from ten days after Plaintiff serves this order on Defendants, until the day that Defendants fully comply.

## I. Procedural background

After Defendants failed to comply with the September 2021 Judgment, Plaintiff sought discovery via subpoena *duces tecum* and depositions on matters relevant to the satisfaction of the September 2021 Judgment. Defendants failed to respond to the subpoenas and Plaintiff moved to compel Defendants to comply. (Mot. to Compel, Docket Entry No. 21.) Judge Kuo granted the motion and directed Defendants to respond to the subpoenas by July 10, 2024. (Order dated July 2, 2024.) Defendants failed to respond and on October 28, 2024, Plaintiff again moved to compel Defendants. (Mot. to Compel, Docket Entry No. 24.)

In response to the second motion to compel, Judge Kuo issued an Order to Show Cause directing Defendants to show cause by November 18, 2024 as to why "the [c]ourt should not hold them in contempt for failure to comply with the subpoenas *duces tecum* and the [c]ourt's July 2, 2024 Order." (Order to Show Cause dated Nov. 4, 2024.) Judge Kuo also scheduled a hearing for November 21, 2024. (*Id.*) Defendants did not respond to the Order to Show Cause or appear at the hearing. (Min. Entry and Order dated Nov. 21, 2024.) Judge Kuo entered an

order warning Defendants of the potential consequences of contempt, including that "the [c]ourt could impose monetary sanctions on Defendants until they comply with the subpoenas by producing the requested documents and information," and that "the [c]ourt could order that [Leonardo, the individual defendant] be arrested and held in custody until he complies with the subpoenas." (*Id.*)

On August 6, 2025, Judge Kuo directed the individual Defendant, Leonardo, to respond to the subpoenas and warned him that "[f]ailure to respond will likely result in sanctions, including being found in contempt of [c]ourt." (Order dated Aug. 6, 2025.) Leonardo failed to respond. On September 5, 2025, Judge Kuo issued a *sua sponte* report and recommendation certifying the facts on Defendants' failure to appear, respond to orders, and respond to subpoenas. (*See* Report & Recommendation, Docket Entry No. 30. (the "Second R&R").) Judge Kuo recommended that the Court "issue an order to show cause as to why Defendants should not be found in contempt" and "[i]n the event the Court finds Defendants to be in contempt," Judge Kuo recommended the "imposition of sanctions to secure Defendants' compliance, including daily fines." (Second R&R 7.)

On September 29, 2025, the Court adopted the Second R&R and ordered Defendants to show cause by October 10, 2025 as to why they should not be held in contempt for failure to comply with Plaintiff's subpoena and the prior Court orders. (Order Adopting Second R&R, Docket Entry No. 32.) Defendants failed to comply with this order and on October 30, 2025, Plaintiff filed a motion requesting that the Court schedule a hearing "to consider imposition of civil contempt sanctions, including a monetary fine and/or arrest, against [D]efendants." (Mot. for Hearing, Docket Entry No. 34.)

On May 1, 2026, the Court held a telephone hearing to discuss Plaintiff's sanctions request and issued an Order to Show Cause for Defendants to respond by May 14, 2026, as to why the Court should not sanction them for failure to comply with Plaintiff's subpoenas and the prior court orders. (Order to Show Cause dated May 1, 2026.) The Court also scheduled a hearing for May 14, 2026. (*Id.*) Defendants failed to respond, and on May 14, 2026, the Court held a telephone hearing and imposed on Defendants a daily fine of $100 per day for thirty days. (Min. Entry dated May 14, 2026.)

On August 6, 2026, Plaintiff informed the Court that he served the May 14, 2026 minute entry on Defendants and neither Defendant had responded to Plaintiff or complied with the subpoenas. (Ltr. dated Aug. 6, 2026.) Plaintiff requested that the Court enforce the sanctions issued on May 14, 2026, and "direct Defendants to comply fully with the subpoenas by a date certain and extending the $100 daily sanction beyond the initial thirty-day period until full compliance." (*Id.*)

## II. Discussion

"A subpoenaed person found to be in contempt could be subject to sanctions, including imposition of a fine, attorneys fees and costs. If the failure to comply continues, the [c]ourt could issue a warrant of arrest." *Freund v. Weinstein*, No. 08-CV-1469, 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009); *see Perez v. N&A Produce & Grocery Corp.*, No. 16-CV-9753, 2019 WL 13249029, at *2 (S.D.N.Y. May 23, 2019) (explaining that if the noncompliant defendant failed to comply with subpoenas and the court's order, the defendant "would be subject to sanctions, including imposition of a monetary fine, attorney's fees and costs").

"The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics*

*Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) (citing *Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989)); *Guadalupe v. Chase Auto Fin. Corp.*, No. 25-CV-718, 2026 WL 472623, at *4 (E.D.N.Y. Feb. 19, 2026) ("Civil contempt sanctions are intended to secure future compliance with court orders (a 'coercive sanction') and to compensate the party that has been wronged (a 'compensatory sanction')." (quoting *Leser v. U.S. Bank Nat'l Ass'n*, No. 09-CV-2362, 2011 WL 1004708, at *10 (E.D.N.Y. Mar. 18, 2011))). "To the extent that a contempt sanction is coercive, the court has 'broad discretion to design a remedy that will bring about compliance.'" *Paramedics*, 369 F.3d at 657 (quoting *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)). "If the fine is compensatory in purpose, the district court has less discretion. Thus where a fine is paid directly to the other party rather than the court, 'the sanction should correspond at least to some degree with the amount of damages.'" *Id.* at 658 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1062 (2d Cir. 1995)). "A sanction may . . . be both coercive and compensatory," however "some proof of loss must be present to justify its compensatory aspects." *Id.* (quoting *N.Y.S. NOW v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989)).

"The [c]ourt must use the least possible power sufficient to coerce compliance." *Adams v. N.Y.S. Educ. Dep't*, 959 F. Supp. 2d 517, 520 (S.D.N.Y. 2013) (citing *Spallone v. United States*, 493 U.S. 265, 276 (1990)). "However, 'it is nevertheless important to select a sanction which is likely to have some impact.'" *Id.* (quoting *Secs. & Exch. Comm'n v. Margolin*, No. 92-CV-6307, 1996 WL 447996, at *5 (S.D.N.Y. Aug. 8, 1996)). "The Second Circuit has counseled that when imposing penalties for a coercive purpose, the district court should consider several factors including: (1) the character and magnitude of the harm threatened by the party's continued noncompliance; (2) the efficacy of the sanction in brin[g]ing about compliance; and

(3) the contemnor's ability to pay." *Leser*, 2011 WL 1004708, at *11 (quoting *Paramedics*, 369 F.3d at 658). The contemnor bears the burden of proving a financial inability to pay and must establish an inability to pay "clearly, plainly, and unmistakably." *Dell Inc. v. Compudirect, Inc.*, 316 Fed. App'x 32, 34 (2d Cir. 2009) (quoting *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995)).

The Court finds that a per diem fine is appropriate because Defendants' noncompliance is ongoing; Defendants appear to have the resources to pay[1]; and the fine is designed to compel Defendants to comply with the subpoenas. The Court orders Defendants to comply with the issued subpoenas. In addition, the Court continues the daily fine of $100 for each weekday of noncompliance from ten days after Plaintiff serves this order on Defendants, until the day that Defendants fully comply. The Court finds that this is sufficient but not greater than necessary to compel compliance. *See Rodriguez v. New Generation Hardware Store Corp.*, No. 22-CV-4422, 2024 WL 1406953, at *2 (S.D.N.Y. Apr. 2, 2024) (imposing a $500 per day fine, to take effect ten days after the court's order imposing sanctions, if the noncompliance was not cured before then); *Tacuri v. Nithun Constr. Co.*, No. 14-CV-2908, 2019 WL 6914042, at *3 (E.D.N.Y. Dec. 19, 2019) (imposing money sanctions as coercive measure to ensure compliance with information subpoena); *Leser*, 2011 WL 1004708, at *12 (imposing sanction of $500 per day for each day of the contemnor's continued defiance).

If Defendants fail to comply with the subpoenas by September 30, 2026, the Court will

[1] Plaintiff alleges in the Complaint that Defendants have gross annual revenues in excess of $500,000, (Compl. ¶ 7), leading the Court to conclude that Defendants have the resources to pay the fine. *See Rodriguez v. New Generation Hardware Store Corp.*, No. 22-CV-4422, 2024 WL 1406953, at *2 (S.D.N.Y. Apr. 2, 2024) (relying on the annual revenues alleged in the complaint to determine the defendant's ability to pay and finding that the "sanction is not excessive in light of [the d]efendants' uncontested resources").

increase the fine to $500 per weekday for noncompliance. *See Rodriguez*, 2024 WL 1406953, at *2 (stating that if the defendant fails to comply with the information subpoena by a certain date, the daily sanction amount will increase from $500 per day to $1,000 per day).

Plaintiff is directed to serve a copy of this Order on Defendants and file a certificate of service on the docket.

Dated: August 25, 2026
Brooklyn, New York

SO ORDERED:

/s/MKB
MARGO K. BRODIE
United States District Judge